DENVER PIATT, Appellant, v. E. I. DU PONT DE NEMOURS AND COMPANY, Defendant, and PENNSYLVANIA RAILROAD COMPANY, Respondent.—

Memorandum: Plaintiff's action being based upon the alleged negligence of the employer railroad, its officers and employees, assumption of risk is not available as a defense (U. S. Code, tit. 45, § 54, as amd. in 1939) and should be stricken from appellant's answer. Contributory negligence, while not a bar to recovery, goes to mitigation of damages. The fact that it may be proved under a general denial which puts in issue not only the defendant's negligence but also the question of plaintiff's contributory negligence, does not, we feel, require that it be stricken in the absence of a showing that plaintiff would be prejudiced. No such showing is made. All concur. (Appeal from an order denying plaintiff's motion to strike out portions of the answer of defendant railroad company.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD ABEL and WILLIAM MARCHESE, Appellants.—

Memorandum: In view of the absence, in the records of these defendants, of any convictions other than trivial traffic infractions, we think the sentences of four months' imprisonment were too severe and that the fines imposed, together with sentences to thirty days' imprisonment will constitute ample punishment for the offenses to which they have entered pleas of guilty. All concur. (Appeals from judgments which sentenced defendants each to imprisonment for four months, with a fine of $500.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.